GARY M. RESTAINO
United States Attorney
District of Arizona

NEIL SINGH
Assistant U.S. Attorney
Arizona State Bar No. 021327
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Email: Neil.Singh@usdoj.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| E.C.B., on behalf of himself and his minor child, J.R.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-22-00915-CDB<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

Defendant United States of America submits the following Reply to Plaintiffs' Response in opposition ("Opposition" or "Opp'n") (Doc. 17) to the United States' Motion to Dismiss ("Mot.") (Doc. 15).

**ARGUMENT**

**I.      The Discretionary Function Exception ("DFE") Does Apply.**

Plaintiffs characterize this case as arising from a "policy and its execution" which were "nothing short of [a] government campaign to commit child abuse…" Doc. 17 at 7. The United States, again, has denounced the prior Administration's policies that resulted in family separation. Doc. 15 at 2. The principles of sovereign immunity nonetheless continue to govern claims against the United States, which Congress has implemented through the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b)(1). Because the decision regarding "where [noncitizens] are detained" is explicitly committed to "the discretion of the

[Secretary]," *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1440 (9th Cir. 1986), and because Plaintiffs do not allege in their Complaint any behavior that violated a clearly established Constitutional right, the government's decision "falls within th[e] [discretionary function] exception," *Mirmehdi v. United States*, 689 F.3d 975, 984 (9th Cir. 2012). This action should be dismissed for lack of jurisdiction.[1]

### A. Defendant Satisfies the First Prong of the DFE Test.

Plaintiffs cannot overcome the DFE because they have not alleged (1) the existence of a statute, regulation, or policy that articulates a "specific and mandatory" course of conduct, and (2) conduct that violates this specific and mandatory statute, regulation, or policy. *See Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009). Because Plaintiffs have not satisfied their burden to plead a claim "that is facially outside the discretionary function exception," this action should be dismissed for lack of subject matter jurisdiction. *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992); *Duchac v. United States*, No. 19CV2244-LAB (LL), 2021 WL 948796, at *2 (S.D. Cal. Mar. 12, 2021).

"A principal feature of" the statutory framework governing the removal of noncitizens from the United States "is the broad discretion exercised by immigration officials." *Arizona v. United States*, 567 U.S. 387, 396 (2012). "This broad discretion applies to immigration detention." *GEO Grp., Inc. v. Newsom*, 15 F.4th 919, 930 (9th Cir. 2021). The federal government maintains express statutory authority to detain noncitizens who enter the country illegally, *see* 8 U.S.C. §§ 1225, 1226(a), and to "arrange for appropriate places of detention" for noncitizens "detained pending removal or a decision on removal," 8 U.S.C. § 1231(g). It is well established that these kinds of classification and placement decisions involve

---

[1] Plaintiffs assert that the United States' motions in similar cases filed in the District of Arizona "have been unanimously rejected in this District." Doc. 17 at 2. This is not entirely accurate, as the Court partially granted the United States' motion to dismiss in *F.R. v. United States*, No. CV21-0038-PHX-DLR, 2022 WL 2905040 (D. Ariz. July 22, 2022). The *F.R.* court agreed with the United States that any claims premised on systemic liability are barred. *Id.* In addition, other motions to dismiss remain pending in this District, including *B.A.D.J. v. United States*, in which oral argument was heard on August 22, 2022. Moreover, Defendant respectfully submits that the better reading of the law aligns with the decision of the court in *Peña Arita v. United States*, 470 F. Supp. 3d 663, 691-92 (S.D. Tex. 2020) (decisions by DHS to separate family members are protected by the discretionary function exception).

discretion.  *See Blanco Ayala v. United States*, 982 F.3d 209, 215 (4th Cir. 2020); *Arteaga-Ruiz v. United States*, 164 F. Supp. 3d 1198, 1204 (D. Idaho 2016), *aff'd*, 705 F. App'x 597 (9th Cir. 2017).

The government had the discretion to house E.C.B. in a secure adult immigration detention facility.  *See* 8 U.S.C. § 1231(g).  Indeed, 8 U.S.C. § 1231(g) does not limit the Secretary in deciding the "appropriate places of detention" for a noncitizen or with whom the noncitizen is detained.  *Id.*  Rather, as the Ninth Circuit has recognized, the statute grants the Secretary "broad discretion in exercising his authority to choose the place of detention for deportable" noncitizens.  *Comm. of Cent. Am. Refugees*, 795 F.2d at 1440.

Similarly, the Department of Homeland Security had discretion in making the determination that J.R. qualified as an Unaccompanied Alien Child ("UAC").  6 U.S.C. § 279(g)(2).  Upon reaching that determination, the Department of Health and Human Services' Office of Refugee Resettlement ("ORR") was compelled by law to find a placement for J.R.  6 U.S.C. § 279(b)(1)(C).

As explained in the United States' Motion to Dismiss, these kinds of classification and placement decisions regarding whether, where, and with whom to detain noncitizens are quintessential discretionary policy-based decisions subject to the DFE.  Doc. 15 at pp. 7-12; *see also Peña Arita v. United States*, 470 F. Supp. 3d 663, 691-92 (S.D. Tex. 2020) (holding Zero-Tolerance Policy provided for "clearly protected discretionary decisions").  Moreover, the *Flores* Agreement – which Plaintiffs give scant attention to – does not compel the release of a child to a parent that remains in custody, require that a parent be housed with a child, or entitle a parent to be housed with a child in immigration detention.  *Flores v. Lynch*, 828 F.3d 898, 906, 908 (9th Cir. 2016); *United States v. Dominguez-Portillo*, No. EP-17-MJ-4409-MAT, 2018 WL 315759, at *9, *14-15 (W.D. Tex. Jan. 5, 2018).  ORR, which is charged with "the care and placement of unaccompanied alien children who are in federal custody by reason of their immigration status," *see* 6 U.S.C. §§ 279(a), (b)(1)(A), (b)(1)(C), exercises discretion in placing unaccompanied children "in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(2)(A).  In short, Plaintiffs have not identified a statute, regulation, or policy that limits the government's discretion on the key

decision points at issue in this case.

Plaintiffs instead argue that the DFE is inapplicable because of the generalized unconstitutionality of the government's actions taken as a whole. But the DFE is not made inapplicable by every allegation of unlawful or unconstitutional conduct, rather only by a showing that the government official's discretion was limited by a specific, clearly established directive, accompanied by plausible assertions that the specific directive was violated. In *Butz v. Economou*, 438 U.S. 478 (1978), the Supreme Court recognized that immunity for discretionary acts would not be vitiated simply because alleged conduct might later be held unconstitutional. *Id*. at 506-07 (acknowledging need to protect officials exercising discretion subject to "clearly established constitutional limits"). The Court in that case held that officials sued for violations of constitutional rights were entitled to qualified, but not absolute immunity. *Id*. at 507. The Court explained that were it otherwise, as relevant to the case at bar, "no compensation would be available from the Government, for the Tort Claims Act prohibits recovery for injuries stemming from discretionary acts, even when that discretion has been abused." *Id*. at 505. *Butz* and subsequent decisions leave no doubt that conduct that violates the Constitution may constitute the type of abuse of discretion that falls within the scope of the DFE.

Plaintiffs do not specify a constitutional theory that applies to the facts of this case and shows that a constitutional right was "clearly established" in the specific context of separation of parents and children who were apprehended together after crossing the border between ports of entry in May 2018. Instead, they rely on the legal conclusion reached by the federal district court that decided *Ms. L. v. United States Immigration and Customs Enf't*, 310 F. Supp. 3d 1133, 1144-46 (S.D. Cal. 2018). Doc. 17 at 7. While the *Ms. L* decision carries persuasive value, it did not "clearly establish []" a relevant right. *See Camreta v. Greene*, 563 U.S. 692, 708 n.7 (2011) (decisions of a federal district court judge are not binding precedent in a different judicial district, in the same judicial district, or even on the same judge in a different case). In any event, the decision in *Ms. L* was rendered *after* the occurrence of the conduct that forms the basis for Plaintiffs' claims, and it is

- 4 -

1   therefore irrelevant to whether the rights at issue were "clearly established."

2   Plaintiffs also rely on *Nurse v. United States*, 226 F.3d 996 (9th Cir. 2000). In
3   *Nurse*, the Ninth Circuit reversed the district court's dismissal of the plaintiff's FTCA
4   claims, holding that "[i]n general, governmental conduct cannot be discretionary if it
5   violates a legal mandate," including a specific constitutional mandate. 226 F.3d at 1002.
6   The Ninth Circuit declined to decide "the level of specificity with which a constitutional
7   proscription must be articulated in order to remove the discretion of a federal actor." *Id.* at
8   1002 n.2. But the DFE was inapplicable there, the court explained, because the plaintiff's
9   complaint "allege[d] that the policy-making defendants promulgated discriminatory,
10  unconstitutional polices which they had no discretion to create." *Id.* at 1002. Here, by
11  contrast, Plaintiffs do not allege that any government official violated any specific,
12  mandatory directive or any clearly established constitutional right.

13  The Ninth Circuit has repeatedly held that, while the government bears the ultimate
14  burden of proving that the DFE applies, a plaintiff must first plead a claim that "is facially
15  outside the discretionary function exception" in order to invoke the court's subject matter
16  jurisdiction. *See, e.g., Prescott*, 973 F.2d at 702; *Holy See*, 557 F.3d at 1084; *Duchac*, 2021
17  WL 948796, at *2. Plaintiffs must allege the existence of a legal directive that "specifically
18  prescribes a course of action for an employee to follow," *Gaubert v. United States*, 499
19  U.S. 315, 322 (1991), accompanied by plausible allegations that the government's conduct
20  violated that specific directive. Because Plaintiffs have not pleaded a claim that facially
21  falls outside the DFE, as they must to invoke the Court's jurisdiction, this action should be
22  dismissed. *Holy See*, 557 F.3d at 1084 (holding district court erred in exercising
23  jurisdiction, where plaintiff did not "allege the existence of a policy that is 'specific and
24  mandatory'"); *Mirmehdi*, 689 F.3d at 984 (holding "[b]ecause the decision to detain an
25  alien pending resolution of immigration proceedings is explicitly committed to the
26  discretion of the [Secretary]," and because plaintiffs "do not allege that this decision itself
27  violated the Constitution, it falls within this exception"); *Shamoun v. Republic of Iraq*, 441
28  F. Supp. 3d. 976, 997 (S.D. Cal. 2020) (dismissing claim where plaintiff failed "to allege

- 5 -

the existence of a regulation or statute … that is specific and mandatory").

In *Gaubert,* the Supreme Court held that conduct is nondiscretionary when a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." 499 U.S. at 322.  The Constitution is no different: in some cases, the Constitution may establish such a specific prescription that it removes an official's discretion, but the requirement of specificity applies with the same force whether the prescription is found in the Constitution or a statute.  The Ninth Circuit has declined to decide "the level of specificity with which a constitutional proscription must be articulated in order to remove the discretion of a federal actor." *Nurse*, 226 F.3d at 1002 n.2; *see also Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1251 (9th Cir. 2019) ("[I]f the district court instead determines that Defendants did violate a nondiscretionary federal constitutional . . . directive, the FTCA claims may be able to proceed to that degree."), *reversed on other grounds*, 142 S. Ct. 1051 (2022).

For the reasons discussed, a court should require the same level of specificity that would be required in determining whether a statute left an employee with "no discretion to abuse."  *See, e.g., Bryan v. United States*, 913 F.3d 356 (3d Cir. 2019) (holding FTCA claim failed where "CBP officers did not violate clearly established constitutional rights"); *Ahern v. United States*, No. 2:14-CV-259, 2017 WL 2215633, at *10 (S.D. Tex. May 19, 2017) (holding "rights afforded to Plaintiff under the Fifth Amendment. . . fail to define a set course of conduct . . . would be considered to be non-discretionary"); *Champion v. United States*, No. CV-09-1655, 2010 WL 11463694, at *1 (W.D. La. Oct. 28, 2010) (holding Eighth Amendment not "specific enough . . . to prescribe a non-discretionary course of conduct [and] render the [DFE] inapplicable").[2]

Whatever the precise standard, it is not satisfied here.  Plaintiffs have alleged actions of various kinds by various officials.  Regardless of whether some or all of these acts

---

[2] *See also Limone v. United States*, 579 F.3d 79 (1st Cir. 2009); *Xiaoxing Xi v. Haugen*, No. CV-17-2131, 2021 WL 1224164, at *29 (E.D. Pa. Apr. 1, 2021); *Fabian v. Dunn*, No. SA-08-cv-269-XR, 2009 WL 2567866, at *8 (W.D. Tex. Aug. 14, 2009); *McElroy v. United States*, 861 F. Supp. 585 (W.D. Tex. 1994).

reflected an abuse of discretion, Plaintiffs have identified nothing in the decisions of the Supreme Court or the Ninth Circuit that removed any official's discretion with respect to any of the categories of asserted actions by "specifically prescrib[ing] a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322.  Indeed, as the Fourth Circuit observed, "we . . . have been unable to find a substantive due process right to family unity in the context of immigration detention pending removal." *Reyna as next friend of J.F.G. v. Hott*, 921 F.3d 204, 210-11 (4th Cir. 2019); *see also Dominguez-Portillo*, 2018 WL 315759, at *6.  And while some decisions, including decisions in this District, have concluded that constitutional allegations made the exception inapplicable, none have analyzed the relevant standards set out in the Supreme Court's FTCA decisions and in its decisions involving official immunity.[3] Those principles make clear that the discretionary function exception bars Plaintiffs' claims.

### B.     Defendant Satisfies the Second Prong of the DFE test.

Plaintiffs do not meaningfully dispute the second prong of the DFE Test, and the governmental conduct at issue is without a doubt "susceptible to policy analysis." When "established governmental policy, as expressed or implied by statute . . . allows a [g]overnment agent to exercise discretion" – as federal laws do here – "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 325.  "The decision need not actually be grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis." *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002) (emphasis in original).

Here, the separation of J.R. from E.C.B. occurred as a result of a discretionary decision to detain E.C.B. in a secure detention facility because he was amenable to criminal prosecution.  This rendered him unavailable to provide care and physical custody of J.R., who could not be held in secure detention under the Flores Agreement.  As explained in Defendant's Motion, the government's classification and placement decisions, including

---

[3] *A.P.F.*, 492 F. Supp. 3d at 996; *Nunez Euceda v. United States*, No. 2:20-cv-10793, 2021 WL 4895748, *3 (C.D. Cal. Apr. 27, 2021); *C.M.*, 2020 WL 1698191, at *4.

- 7 -

decisions regarding whether to detain adults and minors together, are quintessential discretionary judgments susceptible to policy considerations – as, of course, are the decisions of this Administration repudiating and reversing the policies of which Plaintiffs complain. *See Peña Arita*, 470 F. Supp. 3d at 686-87 (implementation of policies resulting in separations are discretionary conduct grounded in policy that courts cannot second-guess). Moreover, the prior Administration issued a series of directives that spelled out the policies that it sought to advance with its enforcement of the federal immigration statutes at issue here. Doc. 15 at 6-7. The government's decisions about detaining E.C.B., and designating J.R. as a UAC, were grounded in policy considerations. The DFE therefore applies and Plaintiffs' action should be dismissed.

**II.    The Exception for Actions Taken While Reasonably Executing a Statute Applies.**

Plaintiffs argue that the FTCA exception for actions taken while reasonably executing a statute does not apply because "there was no statute or regulation requiring the separation." Doc. 17 at 8. On the contrary, the TVPRA, 8 U.S.C. § 1232(b)(3), required DHS to transfer J.R. to ORR custody within 72 hours after determining that she was "unaccompanied." As discussed above, the determination that J.R. was "unaccompanied" within the meaning of the TVPRA is a decision covered by the DFE. *See* 6 U.S.C. § 279(g)(2). Whether a parent is "available to provide care and physical custody" is in turn a policy question vested in federal officials. *See Poston*, 119 F. Supp. 3d at 482-83 (E.D. Va. 2015) ("Federal agencies are afforded discretion under the statutory scheme when classifying juveniles as unaccompanied alien children.").

Here, E.C.B. was amenable to prosecution and detained in secure detention facilities, rendering him presumably unavailable to provide care and physical custody of J.R. In this circumstance, the DFE applies to DHS's determination that J.R. should be deemed unaccompanied and transferred to the custody of ORR. *See Fisher Bros. Sales, Inc. v. United States*, 46 F.3d 279, 287 (3d Cir. 1995) (holding decision subject to DFE when it "reflects the decisionmaker's judgment that it is more desirable to make a decision based on the currently available information than to wait for more complete data or more confirmation of

the existing data"). And once the discretionary decision to deem J.R. "unaccompanied" was made, the TVPRA required that she be transferred to ORR custody while E.C.B. was held in secure immigration detention.

Plaintiffs do not contend that the government deviated from the statutory requirements of the TVPRA in transferring J.R. to the custody of ORR after making the discretionary decision that J.R. was unaccompanied. Rather, Plaintiffs challenge their separation pursuant to the proper enforcement of federal statutes. But the exception for actions taken while reasonably executing a statute "bars tests by tort action of the legality of statutes and regulations." *Dalehite v. United States*, 346 U.S. 15, 33 (1953); *see also* H.R. Rep. No. 77-2245, 77th Cong., 2d Sess., at 10 (noting that it was not "desirable or intended that the constitutionality of legislation, or the legality of a rule or regulation should be tested through the medium of a damage suit for tort"); *Powell v. United States*, 233 F.2d 851, 855 (10th Cir. 1956) (FTCA does not waive sovereign immunity for claims based on employees' acts "performed under and in furtherance of the regulation . . . even though the regulation may be irregular or ineffective"). The enforcement of the TVPRA's statutory command cannot form the basis of an FTCA claim.

**III.    There is No Private Person Analogue For Plaintiff's Claims.**

Plaintiffs' claims also fail because the governmental conduct that Plaintiffs challenge has no private analogue.  This, in turn, is because Plaintiffs' claims arise out of federal statutory authority that only the federal government possesses. Doc. 15 at 22.  This is especially true where, as here, the statutory authority being exercised pertains to enforcement of federal immigration laws – namely, those relating to whether and where to detain noncitizens pending immigration proceedings. *See Ryan v. U.S. Immigration & Customs Enf't*, 974 F.3d 9, 26 (1st Cir. 2020) ("Controlling immigration and the presence of noncitizens within the country are duties and powers vested exclusively in the sovereign."). E.C.B. does not dispute that he was lawfully held in secure adult immigration detention pending his immigration proceedings. Plaintiffs' claims are essentially a challenge to where and with whom deportable noncitizens are detained. Such decisions are made pursuant to federal statutory authority and are in the sole province of the federal government; there is no private person

counterpart. Doc. 15 at 22.

The cases cited by Plaintiffs to suggest that Arizona law provides a private analogue to the conduct at issue here (Doc. 17 at 9) do not support Plaintiffs' argument. None of those cases involved a government actor exercising statutory authority to separate a deportable noncitizen parent from his child or the type of tortious conduct that Plaintiffs challenge in this case. *See Reben v. Ely*, 705 P.2d 1360 (Ariz. 1985) (medical malpractice claim involving child who suffered brain damage from dosage of liquid cocaine); *Frank v. Superior Court*, 722 P.2d 955 (Ariz. 1986) (medical malpractice claim involving child who suffered brain damage from anesthesia during surgery); *Villareal v. State of Arizona*, 774 P.2d 213 (Ariz. 1989) (consolidated appeal involving accident claims arising from a motorcycle accident, bicycle accident, ATC accident, and a train-car collision). Plaintiffs have not identified a private person analogue or otherwise alleged facts to support the notion that private persons are involved in devising, promulgating, or executing federal law and policy. Thus, any equivalence between local school officials, parents, caregivers or other private individuals who may have a general or special duty of care under state law collapses when applied to the specific conduct alleged here.

## IV.     Plaintiff's Claims Are Systemic Tort Claims.

The United States has not waived its sovereign immunity for direct liability or systemic tort claims that allege tortious conduct against employees of the government as a whole, as Plaintiffs do here. Consistent with the FTCA's text and the principles articulated in *Adams v. United States*, 420 F.3d 1049 (9th Cir. 2005), Plaintiffs' claims do not fall within the FTCA's limited waiver of sovereign immunity, because Plaintiffs fail to allege tortious conduct by an individual government employee(s), acting within the scope of his employment, for which he could otherwise be held personally liable. *See* 28 U.S.C. § 1346(b); *Adams*, 420 F.3d at 1054; *Lee v. United States*, No. CV 19-08051-PCT-DLR, 2020 WL 6573258, at *6-7 (D. Ariz. Sept. 18, 2020) ("Nowhere . . . does the Second Amended Complaint set forth the alleged acts or omissions of specific federal employees for which the Government could be held liable 'if a private person' under Arizona law.").

Here, as in *Lee*, Plaintiffs allege that a combination of unnamed government employees

and "the government" engaged in tortious conduct as a whole, rather than alleging specific tortious acts or omissions by individual employees. Their Opposition continues to assert the same generalized theories of tortious conduct on the part of "the government" as a whole that the court condemned in *Lee*, attributing the alleged tortious conduct to "Border Patrol agents," "the Attorney General," the ORR, Immigration and Customs Enforcement, and "the government" in general. Doc. 17 at 2-5.  Such allegations are too vague and conclusory to fall within the FTCA's limited waiver. *See Adams*, 420 F.3d at 1054; *Lee*, 2020 WL 6573258, at *6-7; *F.R.*, 2022 WL 2905040 at 6 (agreeing with the United States that any claims premised on systemic liability are barred).

## CONCLUSION

For the reasons stated, the United States respectfully requests dismissal of this action.

Respectfully submitted this 30th day of August, 2022.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>s/*Neil Singh*
>NEIL SINGH
>Assistant United States Attorney
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Ricardo de Anda, Esq.**
De Anda Law Firm
Plaza de San Agustin
Laredo, TX 78040
Ph 956-726-0038
deandalaw@gmail.com

**Lincoln Combs, Esq.**
**Sophia J. Augeri, Esq.**
O'Steen & Harrison, PLC
300 W. Clarendon Ave., Suite 400
Phoenix, AZ 85013-3424
Ph 602-252-8888
lcombs@vanosteen.com
saugeri@vanosteen.com
*Attorneys for Plaintiff*

*s/ Neil Singh*
U.S. Attorney's Office