# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E.C.B., on behalf of himself and his minor child, J.R., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV 22-00915 PHX CDB <br><br> **ORDER TO SHOW CAUSE** |

All of the parties to this matter have consented to the exercise of magistrate judge jurisdiction over the matter, including the entry of final judgment. The parties submitted a Joint Case Management Report and participated in a scheduling conference on December 5, 2022. (ECF Nos. 17 & 18). The CM/ECF docket in this matter indicates Plaintiff served their initial disclosure on January 20, 2023 (ECF No. 39), and Defendants supplemented their initial disclosure on April 3 and April 7, 2023. (ECF No. 41). The docket does not show that any notices of requests for discovery or any notices of deposition were served, or display any notice of service of discovery on any party subsequent to April 7, 2023. The deadline for completing discovery expired November 3, 2023.

It is Plaintiff's burden to prosecute their case. *See Lal v. California*, 610 F.3d 518, 527 (9th Cir. 2010); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976). The Local Rules of Civil Procedure for the United States District Court for the District of Arizona provide:

> Unless otherwise ordered by the Court, cases which have had neither proceedings nor pleadings, notices, or other documents filed for six (6) or more months may be dismissed by the Court for want of prosecution. Notice

must be given to the parties that such action is contemplated, and the parties must be given the opportunity to show cause why such action should not be taken. . . .

LRCiv 41.1. Additionally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure:

> … the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to avoid dismissal. *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970); *States Steamship Co. v. Philippine Air Lines*, *supra*. This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.

*Anderson*, 542 F.2d at 524.

Accordingly,

**IT IS ORDERED that** Plaintiff shall have until December 22, 2023, to show cause why this matter should not be **dismissed without prejudice** for their failure to prosecute their claims.

Dated this 30th day of November, 2023.

_____
Camille D. Bibles
United States Magistrate Judge