GARY M. RESTAINO
United States Attorney
District of Arizona

NEIL SINGH
Assistant United States Attorney
Arizona State Bar No. 021327
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Email: neil.singh@usdoj.gov
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| E.C.B., on behalf of himself and his minor child, J.R., <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, <br><br> Defendant. | No. CV-22-00915-PHX-CDB <br><br> **JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND TO DISCHARGE ORDER TO SHOW CAUSE** |

Plaintiffs, E.C.B. and his minor child J.R., and Defendant United States of America respectfully and jointly submit this request to the Court to (a) modify discovery deadlines and (b) discharge the Order to Show Cause issued by the Court that followed the expiration of the fact discovery deadline (Doc. 42).

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is a civil "family separation" action based on the Federal Tort Claims Act on behalf of Plaintiffs, who were detained by Border Patrol agents near the United States' border with Mexico, in 2018. After Plaintiffs filed suit, the United States filed a motion to dismiss, both sides filed additional briefs, and the Court denied the motion on November 8, 2022. Doc. 24. The United States filed an Answer on November 30, 2022. Doc. 30. Both sides participated in case management discussions resulting in a Scheduling Order dated December 5, 2022. Doc. 32. The Court issued an Order to Show Cause against

Plaintiffs on November 30, 2023, stating that the "deadline for completing discovery expired November 3, 2023." Doc. 42 at 1. Respectfully, the parties jointly note that the deadline to complete fact discovery is actually December 1, 2023 (Doc. 32 at 2:11-12), with expert discovery to continue until May 17, 2024 (*id.* at 2:24).

Although it may appear to the Court that discovery activity is limited, there is significant activity occurring outside of the Court's filings. Counsel for both sides have regularly and frequently spoken to each other by phone on a variety of case management topics throughout the past 12 months. The parties have exchanged Rule 26 disclosure statements and exhibits. In terms of documents possessed and disclosed by the United States, the Government has provided access to a voluminous amount of policy-level documents to Plaintiffs. The Government has also disclosed Plaintiff-specific documents to Plaintiffs. In addition, the parties have previously agreed that depositions of various policy-level government officials taken in other family-separation actions can be used by the parties in this action.[1] These agreements have obviated the need for significant discovery activity in this specific action.

Despite the above, the parties are in agreement that certain depositions of individuals specific to these two Plaintiffs will still be necessary. The United States intends to take the deposition only of one person: Plaintiff E.C.B. Plaintiffs in turn wish to initially depose the Border Patrol agent who detained Plaintiffs in 2018, while reserving the right to take some additional fact depositions depending on the agent's testimony. In addition, one new item of written discovery is the subject of a joint agreement by both sides: Plaintiffs and the United States have agreed to provide access to the "Alien Files" possessed by the U.S. Department of Homeland Security. A logistical issue has caused a

---

[1] The specific agreement of the parties states: "The parties agree not to object to the use of 'policy-related' deposition transcripts from the *C.M.* and *A.P.F.* actions on the ground that the deposition was taken in a separate action. *See* Fed. R. Civ. P. 32(a)(8). The parties reserve all other objections to the use of the deposition transcripts from *C.M.* and *A.P.F.* under the Federal Rules of Civil Procedure and Federal Rules of Evidence." Doc. 31 at 6.

delay in the Government's ability to provide access to the Alien Files, however. The parties are working to resolve the delay but will need some time to complete the process. Once the Alien Files have been disclosed, both sides will be able to complete their needed depositions. Finally, the parties have also had meaningful discussions about settlement topics.

In light of the above, the parties respectfully request that the Court modify the current operative Scheduling Order. This is the parties' first request for such an extension, and they submit to the Court that both sides have acted diligently to litigate or resolve this case under the *Mammoth* standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

The parties therefore request that deadlines be modified as follows:
- Deadline to depose fact witnesses moved from December 1, 2023, to March 1, 2024.
- Deadline for Plaintiff to provide full and complete expert disclosures moved from February 2, 2024, to April 5, 2024.
- Deadline for Defendant to provide full and complete expert disclosures moved from March 1, 2024, to May 3, 2024.
- Deadline for rebuttal expert reports moved from March 29, 2024, to May 31, 2024
- Deadline to depose experts moved from May 17, 2024, to July 26, 2024.

In addition, the parties jointly request that the Court discharge the Order to Show Cause.

Respectfully submitted on December 1, 2023.

| | |
|---|---|
| O'STEEN & HARRISON, PLC<br>DE ANDA LAW FIRM | GARY M. RESTAINO<br>United States Attorney<br>District of Arizona |
| s/*Neil Singh, for*<br>C. LINCOLN COMBS<br>RICARDO DE ANDA<br>*Attorneys for Plaintiff* | s/*Neil Singh*<br>NEIL SINGH<br>Assistant United States Attorney<br>*Attorneys for Defendants* |