O'STEEN & HARRISON
ATTORNEYS AT LAW

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Ricardo de Anda (pro hac vice)
**DE ANDA LAW FIRM**
Plaza de San Agustin
212 Flores Ave.
Loredo, TX 78040
T: (956) 726-0038 F: (956) 726-0030
deandalaw@gmail.com
*Attorneys for Plaintiff*

Daniel Werner (pro hac vice)
**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
(678) 271-0300
dan@decaturlegal.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| E.C.B., on behalf of himself and his minor child, J.R.<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | Case No. 2:22-cv-00915-CDB<br><br>**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIM**<br><br>(Assigned to Magistrate Judge Camille D. Bibles) |

Plaintiffs E.C.B., on his own behalf and on behalf of his minor child, J.R ("Minor") (collectively, "Plaintiffs"), ask the Court to enter the proposed Order, accompanying this Motion, approving the settlement of the Minor's claims against the United States of America ("Defendant"). By email dated March 8, 2024, Assistant United States Attorney Neil Singh

indicated Defendant does not oppose the relief Plaintiffs seek herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This case involves claims against Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq. ("FTCA"), for alleged mistreatment and constitutional deprivations of J.R. and her adult father while in custody of the United States. Plaintiffs allege they were detained and forcibly separated by Defendant for approximately five months, causing serious injury to the Plaintiffs. The Court is familiar with the facts of the case which are described in detail in the Court's Order denying the Defendant's motion to dismiss (Dkt. 24).

**I. The Settlement, Attorney's Fees and Costs.**

Plaintiffs filed their initial Complaint in this action in the U.S. District Court for the State of Arizona on May 27, 2022 (Dkt. 1). On November 8, 2022, this Court denied Defendant's motion to dismiss (Dkt. 24). Thereafter, the parties engaged in discovery (including production of documents and review of a substantial number of documents including depositions of government witnesses taken in other child separation cases). In the last few months the parties engaged in settlement negotiations. Those negotiations culminated in a settlement whereby Defendant will pay Plaintiffs $280,000 (hereinafter "Settlement Amount") in settlement of all claims, pending Court approval. Attached as **Exhibit A** is the proposed Settlement Agreement.

The Settlement is contingent upon (a) Plaintiffs obtaining this Court's approval for the minor's portion of the settlement and (b) approval of the settlement by the United States Department of Justice. Defendant is able to seek approval of the settlement by the Attorney General only after Court approval is obtained.

Plaintiffs request apportionment between the two Plaintiffs as follows: (a) Plaintiff E.C.B. shall receive $140,000 in settlement of his claims against Defendant, 25% or $35,000 of which will be allocated for attorneys' fees; and (b) Plaintiff J.R. shall receive $140,000 in settlement of her claims against Defendant, 25% or $35,000 of which will be allocated for attorneys' fees.

The Minor's portion of the settlement shall be placed in a pooled minor's trust administered

by Legacy Enhancement. Distribution of funds to the Minor from the pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement. Permissible distributions until the Minor turns 18 years old include but are not limited to expenses related to education, health care and technology. After the Minor turns 18 years old, she will be able to obtain distributions of remaining funds for a wider range of expenses, as approved by the trustee. Any funds remaining when the Minor turns 21 years old will be released to her *in toto*. Information about the pooled minor's trust and the agreement for funding the minor's trust are contained in **Exhibit B** hereto.

Plaintiffs' counsel are taking a total of $70,000 to compensate their attorneys' fees, amounting to twenty-five percent of the settlement amount as set forth in 28 U.S.C. § 2678. These attorneys' fees will be taken in equal part from each Plaintiff's respective settlement amount, for total attorneys' fees and costs of $35,000 per Plaintiff. Plaintiffs' counsel are waiving costs incurred in the litigation. This is a substantial reduction from the attorneys' fees Plaintiffs would have incurred on a lodestar basis, which exceed $100,000.

**II. Reasonableness of Settlement.**

The district court in which a minor's claims are being litigated has a duty to protect the minor's interests. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In reviewing a proposed settlement involving minors, the district court should consider whether the net amount distributed to a minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1182. The Plaintiffs believe this is a reasonable allocation of the settlement proceeds to the Minor. Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child, there is no inherent conflict of interest. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing

*Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980); *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla. 2000) ("When a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)"). Further, judges in this District have previously approved minor settlement of an FTCA family separation lawsuit in which the minor's settlement proceeds were to be placed in a pooled minor's trust overseen by a fiduciary trustee at Legacy Enhancement. *See, e.g.*, Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-HXDLR (D. Ariz. Nov. 1, 2023) (Dkt. 94).

In this case, E.C.B.'s interests are entirely aligned with those of the Minor. The two Plaintiffs are seeking damages for their alleged unlawful separation in 2018. The Minor is now 13 years old, resides with E.C.B. in Texas, and E.C.B. is the Minor's only source of parental support. E.C.B. will care for the Minor for at least the next four years, and likely longer, as they move forward in life.

In the absence of any conflict of interest between the Plaintiffs, this Court has the power to approve the Settlement Amount and grant E.C.B. the authority to consummate the settlement on behalf of the Minor. *Id.*

**III. Requested Action by the Court.**

Plaintiffs ask the Court to enter the proposed Order submitted with this Motion which provides as follows.

1. Approving the Settlement of the Lawsuit for $280,00.
2. Approving an allocation of the Settlement as follows:

| Plaintiff | Settlement Share | Attorneys' Fees (and litigation costs) | Total Net to Plaintiff |
|---|---|---|---|
| E.C.B. | $140,000 | $35,000 | $105,000 |
| J.R. | $140,000 | $35,000 | $105,000 |

O'STEEN & HARRISON
ATTORNEYS AT LAW

3. Approving the placement of E.C.B.'s Settlement share of $105,000 into a pooled minor's trust administered by Legacy Enhancement on behalf of J.R. Plaintiffs' counsel Ricardo de Anda shall coordinate with E.C.B. and Legacy Enhancement for the execution of all necessary paperwork and the funding of the pooled minor's trust on behalf of J.R.

**IV. Hearing.**

The Court may approve this Settlement without a hearing. However, should the Court have any questions about the Settlement, Plaintiffs ask that it conduct a hearing to address any issues that might exist. To minimize costs, Plaintiffs would respectfully request that they be permitted to appear at a hearing, if the Court determines one is necessary, via telephone or video-teleconference.

DATED this 22nd day of March, 2024.

**O'STEEN & HARRISON, PLC**

Lincoln Combs

Ricardo de Anda
**DE ANDA LAW FIRM**
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on 22nd day of March 2024, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Ricardo de Anda
**De Anda Law Firm**
Plaza de San Agustin
212 Flores Ave.
Loredo, TX 78040

O'STEEN & HARRISON
ATTORNEYS AT LAW

deandalaw@gmail.com
*Attorneys for Plaintiff*

Neil Singh
Assistant U.S. Attorney
**U.S. Attorneys Office-Phoenix, AZ**
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, AZ 85004
Neil.Singh@usdoj.gov
LA: Stephanie.Ludwig@usdoj.gov
*Attorneys for Defendant*

Daniel Werner
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
dan@decaturlegal.com
*Attorneys for Plaintiffs*

*/s/ Donna Avilez*